UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASEY FITZNER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| CRADLE ADOPTION PARTNERS NFP, | ) ) ) ) |
|     Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Casey Fitzner ("Plaintiff" or "Fitzner"), through her undersigned counsel, and hereby files her Complaint and Demand for Jury Trial against Defendant, Cradle Adoption Partners, NFP, ("Defendant" or "Cradle"), and in support states as follows:

## NATURE OF THE ACTION

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601, *et seq*. (hereinafter "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's interference with Plaintiff's lawful exercise of her rights under the FMLA leading to her unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under and FMLA.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Texas Labor Code pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim, including Defendant's unlawful employment practices, occurred in this District.

## THE PARTIES

6. Plaintiff, Casey Fitzner, is a citizen of the United States, and is and was, at all times material, a resident of the State of Illinois and resided in Cook, County.

7. Defendant, Cradle Adoption Partners, NFP, is a Chicago Not-For-Profit Corporation authorized to conduct business in the State of Illinois and doing business in Cook, County.

8. At all times material hereto, Defendant employed more than 50 employees for each working day in each calendar year within the meaning of the FMLA.

## FACTUAL BACKGROUND

9. Plaintiff was employed full-time by Defendant for over two (2) years.

10. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position.

11. At the time of Plaintiff's termination, Plaintiff held the position of Marketing Manager.

12. On August 5, 2021, Plaintiff informed Donna Rolf, Interim CEO, that she was applying for FMLA due to her son's mental health.

13. Plaintiff is a single mother.

14. Thereafter, Plaintiff spoke to Morgan Araugo, Human Resources, and requested FMLA paperwork.

15. Ms. Araugo provided FMLA paperwork to Plaintiff.

16. Plaintiff provided the FMLA paperwork to her doctor who completed it.

17. The same day, Plaintiff notified Ms. Rolf she needed off work from August 6, 9, and 10, 2021 for her son's mental health and planned to submit her FMLA paperwork.

18. Plaintiff utilized her accrued PTO.

19. Plaintiff did not work the weekend of August 7 and 8, 2021.

20. Plaintiff returned to work on August 11, 2021, but Ms. Araugo was not in the office.

21. On August 12, 2021, Plaintiff was brought into a meeting with Ms. Rolf and Human Resources. During the meeting, Plaintiff was informed that Defendant was going in a different direction and terminated Plaintiff.

22. Plaintiff was never given any previous indication that her position was going to be terminated.

23. Prior to Plaintiff's termination she received awards and excellent performance reviews.

24. Plaintiff has been damaged by Defendant's illegal conduct.

25. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: FMLA Interference

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

27. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

28. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

29. Plaintiff exercised or attempted to exercise her rights under the FMLA.

30. Defendant terminated Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights.

31. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

32. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Illinois Attorney Registration No. 6334599
**Spielberger Law Group**
4890 W. Kennedy Blvd. Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Attorney for Plaintiff*